# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 11, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEVEN D. PETERS,**
**Claimant Below, Petitioner**

**vs.)  No. 12-0319**  (BOR Appeal No. 2046263)
(Claim No. 2007216459)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven D. Peters, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 8, 2012, in which the Board affirmed a July 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 9, 2010, decision denying authorization for a fourth metatarsal head excision of the left foot. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Peters worked for Alcan Rolled Products as a machinist. On January 14, 2007, a mold fell on his left foot. Mr. Peters was diagnosed with a fracture of the third metatarsal in his left foot and his claim was held compensable for that diagnosis. Mr. Peters received treatment based on this claim and his condition improved to the point where, in an independent medical evaluation on February 4, 2008, Dr. Bachwitt found that the fracture to the third metatarsal had healed solidly in good position and alignment. Dr. Bachwitt further found that Mr. Peters had reached the maximum degree of medical improvement. Following this evaluation, Mr. Peters

1

requested authorization for a fourth metatarsal head excision. He was again evaluated by Dr. Bachwitt, who found lateral displacement and plantar flexion of the fourth metatarsal. But Dr. Bachwitt opined that if a fourth metatarsal head excision was performed it would only place more stress on the healed third and fifth metatarsal. Based on Dr. Bachwitt's evaluation, the claims administrator denied authorization for the surgery on September 9, 2010. Following the denial, Dr. Brown, Mr. Peters's treating physician, completed a medical statement in which he opined that Mr. Peters's current condition was causally related to his work and the requested surgery was needed to treat Mr. Peters's ongoing and disabling pain. Mr. Peters then underwent a second independent medical evaluation, this time by Dr. Guberman, who believed that he had reached the maximum degree of medical improvement and that no specific treatment or diagnosis would likely improve his condition. The Office of Judges affirmed the claims administrator's decision on July 25, 2011. The Board of Review then affirmed the Order of the Office of Judges on February 8, 2012, leading Mr. Peters to appeal.

The Office of Judges concluded that the fourth metatarsal head excision of the left foot was not reasonable and necessary medical treatment in this claim. The Office of Judges found that Mr. Peters had not established a causal connection between the requested medical treatment and the compensable injury. The Office of Judges found that Dr. Brown's medical statement had related Mr. Peters's need for the surgery to his fourth metatarsal even though the claim was only compensable for the fracture to his third metatarsal. The Office of Judges also found that Dr. Brown had recognized a congenital deformity in Mr. Peters's left foot. The Office of Judges found that the diagnosis indicates that Mr. Peters's current problems were not related to his compensable fracture of the third metatarsal. The Office of Judges also noted that both Dr. Bachwitt and Dr. Guberman had recommended against any further treatment because they believed that Mr. Peters had reached the maximum degree of medical improvement relating to his compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Peters has not demonstrated that the requested fourth metatarsal excision of the left foot was reasonably related and medically necessary to treat his compensable fracture of the third metatarsal in the left foot. The only evidence submitted in favor of the surgery was the opinion of Dr. Brown, but even Dr. Brown recognized that Mr. Peters had a congenital deformity. The evidence Mr. Peters submitted is not sufficient to justify authorizing the procedure considering that both Dr. Bachwitt and Dr. Guberman found that Mr. Peters had reached the maximum degree of medical improvement.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum